UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EMANUEL COATES #155262,

    Plaintiff,

NO. 2:12-cv-15529

v

HON. PATRICK J. DUGGAN

JEMER JURADO, *et al.*,

MAG. PAUL J. KOMIVES

    Defendants.

---

| | |
|---|---|
| Emanuel Coates #155262<br>*In Pro Per*<br>Carson City Correctional Facility<br>10274 Boyer Road<br>Carson City, MI  48811-9746 | CHAPMAN & ASSOCIATES, PC<br>Ronald W. Chapman (P37603)<br>Kimberley A. Koester (P48967)<br>Attorneys for Defendant Corizon Health, Inc.<br>40950 North Woodward Avenue, Suite 120<br>Bloomfield Hills, MI  48304<br>(248) 644-6326 |
| Kevin R. Himebaugh (P53374)<br>Attorney for MDOC Defendant Aiken<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 | |

_____/

## DEFENDANT SUBRINA AIKEN'S MOTION FOR SUMMARY JUDGMENT

    Defendant Subrina Aiken, through the undersigned attorney, brings this motion under Fed. R. Civ. P. 56(a), and moves the Court to enter its order dismissing Plaintiff's Complaint and granting summary judgment in Defendant's favor, based on the grounds set forth in Defendant's accompanying brief.

    Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding *pro se*.

                                                                      Respectfully submitted,

                                                                      Bill Schuette
                                                                      Attorney General

                                                                      *s/  Kevin R. Himebaugh*
                                                                      KEVIN R. HIMEBAUGH (P53374)
                                                                      Assistant Attorney General
                                                                      P.O. Box 30217
                                                                      Lansing, MI  48909
                                                                      Phone: (517) 335-7021
                                                                      Email:  himebaughk@michigan.gov

Date:  April 12, 2013                                        [P53374]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EMANUEL COATES #155262,

    Plaintiff,                                                        NO. 2:12-cv-15529

v                                                                                 HON. PATRICK J. DUGGAN

JEMER JURADO, *et al.*,                                          MAG. PAUL J. KOMIVES

    Defendants.

_____

| | |
|---|---|
| Emanuel Coates #155262<br>*In Pro Per*<br>Carson City Correctional Facility<br>10274 Boyer Road<br>Carson City, MI  48811-9746<br><br>Kevin R. Himebaugh (P53374)<br>Attorney for MDOC Defendant Aiken<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 | CHAPMAN & ASSOCIATES, PC<br>Ronald W. Chapman (P37603)<br>Kimberley A. Koester (P48967)<br>Attorneys for Defendant Corizon Health, Inc.<br>40950 North Woodward Avenue, Suite 120<br>Bloomfield Hills, MI  48304<br>(248) 644-6326 |

_____/

**BRIEF IN SUPPORT OF DEFENDANT SUBRINA AIKEN'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

                                      Bill Schuette
                                      Attorney General

                                      Kevin R. Himebaugh (P53374)
                                      Assistant Attorney General
                                      Attorneys for Defendant Aiken
                                      Corrections Division
                                      P.O. Box 30217
                                      Lansing, MI  48909
                                      (517) 335-7021
                                      Email:  himebaughk@michigan.gov
Date:  April 12, 2013                 [P53374]

# CONCISE STATEMENT OF ISSUES PRESENTED

1. Liability under § 1983 cannot be premised on mere failure to respond to complaints or grievances. The only allegation against Defendant Aiken is that she denied Plaintiff's Step II grievance appeal. Should this Court grant summary judgment in favor of Defendant Aiken because her limited involvement is insufficient to impose liability under § 1983 or the ADA?

2. Officials sued in their individual capacities are shielded from liability when their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. Plaintiff has failed to show that Defendant Aiken violated clearly established statutory or constitutional rights. Should this Court grant summary judgment in favor of Defendant Aiken because she is entitled to qualified immunity?

## STATEMENT OF FACTS

This is a civil rights action brought *pro se* under 42 U.S.C. § 1983 and the Americans with Disabilities Act by Emanuel Coates, who is a prisoner incarcerated in the Michigan Department of Corrections. The defendants are Nurse Practitioner (NP) Jemer Jurado, Registered Nurse (RN) Subrina Aiken, and Corizon, Inc. This motion is on behalf of Defendant Aiken only.

The gravamen of Plaintiff's complaint is that Defendants would not replace his hearing aid, which Plaintiff lost while on parole. Complaint, p. 5. The only factual allegation against Defendant Aiken is that "Subrina Aiken, RN denied [Plaintiff's] Step II Appeal." *Id*. at p. 6.

For all times relevant, Defendant Aiken was an RN-13 at Southern Region Health Care. *See* Exhibit 1 (Affidavit of Subrina Aiken, ¶ 1). Defendant Aiken's only involvement was to respond to Plaintiff's Step II grievance. Defendant Aiken never met or evaluated Plaintiff, nor did she have any other involvement with Plaintiff's care. *Id*. at 3. As discussed below, Defendant Aiken's involvement with the grievance process is insufficient to impose liability under § 1983 or the ADA.

# ARGUMENT

Under Fed. R. Civ. P. 56(a), a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence must be viewed in the light most favorable to the non-moving party, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## I.  Defendant Aiken's involvement with the grievance process is insufficient to impose liability.

Defendant Aiken should be dismissed for lack of personal involvement. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995).

The only allegation against Defendant Aiken is that she denied Plaintiff's Step II grievance.  But liability under § 1983 cannot be premised on mere failure to respond adequately to complaints or grievances.  In *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006), the Sixth Circuit held that a defendant could not be held liable simply due to his involvement in responding to grievances.  Furthermore, "liability in a § 1983 action cannot be premised on an alleged failure to act, but must instead be premised on active unconstitutional behavior."  *Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006).

Although *Skinner* involved a claim under § 1983, not the ADA, the reasoning applies equally to the ADA.  Defendant Aiken did not deny Plaintiff his rights under the ADA because her sole involvement was to respond to a Step II grievance.  Furthermore, the Sixth Circuit has held that "the ADA does not provide for personal liability for defendants sued in their individual capacities."  *Williams v. McLemore*, 247 Fed. Appx. 1, 8, 2007 WL 1748146, 5 (6th Cir. June 19, 2007) (unpublished decision)(Exhibit 2).  That is because the proper defendant in an ADA claim is a "public entity."  *Id*.  "[T]he ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations."  *Id*.  Consequently, summary judgment should be granted in Defendant Aiken's favor on both the § 1983 and ADA claims.

**II.    Defendant Aiken is entitled to qualified immunity.**

And Even if Plaintiff has arguably stated a claim against Defendant Aiken, she is entitled to qualified immunity.  Qualified immunity "provides ample

3

protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Supreme Court has set forth a two-prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right would have been violated on the facts alleged. If no violation is established, then the inquiry ends. If a violation is established, the second step is for a court to determine whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In *Pearson v. Callahan*, the Supreme Court held that this order of decision is not inflexible. *Pearson v. Callahan*, 555 U.S. 223 (2009). In other words, courts may now decide the issue by finding that the law was not clearly established, without first deciding the question of whether there was a violation in the first place. Regarding the second prong, a court must address the "objective legal reasonableness of an official's conduct, as measured by reference to clearly established law…." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Sixth Circuit has turned "objective legal reasonableness" into a distinct third prong of the analysis. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*).

Even if Plaintiff has arguably stated a claim, Defendant Aiken is entitled to qualified immunity because the law was not clearly established that she could be held liable under § 1983 or the ADA for denying a grievance. Corrections employees "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. Moreover, if officials "of

4

reasonable competence could disagree on whether the conduct violated the plaintiff's rights," then Defendant is entitled to qualified immunity. *Caldwell v. Woodford County Chief Jailor*, 968 F.2d 595, 599 (6th Cir. 1992).

In order to find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). Moreover, it is not up to Defendant to prove that the law was not clearly established. Rather, "[t]he burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). Defendant Aiken's limited actions, as described above and in her affidavit, were not objectively unreasonable. Accordingly, Defendant Aiken is entitled to qualified immunity.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant Aiken requests that this Court grant summary judgment and dismiss her from this action.

Respectfully submitted,

Bill Schuette
Attorney General

*s/ Kevin R. Himebaugh*
KEVIN R. HIMEBAUGH (P53374)
Assistant Attorney General
Attorneys for Defendant Aiken
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021

5

Email: himebaughk@michigan.gov
Date: April 12, 2013                                        [P53374]
Himebaugh\FED Intake\2013-0037396-A Coates\Mot & Brf for Summary Judgment

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EMANUEL COATES #155262,

    Plaintiff,                            NO. 2:12-cv-15529

v                                       HON. PATRICK J. DUGGAN

JEMER JURADO, *et al.*,           MAG. PAUL J. KOMIVES

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I certify that on **April 12, 2013**, I electronically filed **DEFENDANT SUBRINA AIKEN'S MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, INDEX OF EXHIBITS, and EXHIBITS 1 and 2,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

    Emanuel Coates #155262
    *In Pro Per*
    Carson City Correctional Facility
    10274 Boyer Road
    Carson City, MI  48811-9746

                                                *s/ Kevin R. Himebaugh*
                                                KEVIN R. HIMEBAUGH (P53374)
                                                Assistant Attorney General
                                                Corrections Division
                                                P.O. Box 30217
                                                Lansing, MI  48909
                                                Email:  himebaughk@michigan.gov
                                                (517) 335-7021
                                                [P53374]