UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EMANUEL SHAWN COATES,

       Plaintiff,

                                            CASE NO. 2:12-CV-15529
    v.                                  JUDGE PATRICK J. DUGGAN
                                            MAGISTRATE JUDGE PAUL KOMIVES

JEMER JURADO, et al.,

       Defendants.
                                  /


**REPORT AND RECOMMENDATION ON DEFENDANT AIKEN'S MOTION FOR
SUMMARY JUDGMENT (docket #18)**

I.     RECOMMENDATION: The Court should grant defendant's motion for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Emanuel Shawn Coates, a state prisoner, commenced this action on December 17,

2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the

Americans with Disabilities Act.  Named as defendants are Nurse Practitioner Jemer Jurado,

Registered Nurse Subrina Aiken, and Corizon, Inc.  Plaintiff alleges that defendants were

deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to

provide him a replacement hearing aid.  Plaintiff also alleges that defendants' actions violated Title

II of the Americans with Disabilities Act (ADA) by denying him participation in a government

program on account of his disability.  The matter is currently before the Court on defendant Aiken's

motion for summary judgment, filed on April 12, 2013.  She contends that she is entitled to summary

judgment because she was not personally involved in the deprivation of plaintiff's hearing aid.

Plaintiff filed a response to the motion on May 28, 2013.  For the reasons that follow, the Court

should grant defendant Aiken's motion for summary judgment.

B.      *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").  "Once the moving party satisfies its burden, 'the burden shifts to the

nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to  return a verdict for that party.  If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.    *Analysis*

1.    *Eighth Amendment Claim*

To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Here, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs. Under the "deliberate indifference" standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A prison

3

official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id*. at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *See id*. at 844-45. In short, "'[d]eliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. Appx. 829, 831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)). Plaintiff's claims that defendants denied medically necessary treatment are governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims has a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e*, the objective prong of the Eighth Amendment analysis; and (2) if so, were the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Further, it is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because

4

vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.  In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.  Liability under § 1983 must be based on the personal involvement of the defendant."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

Here, plaintiff cannot show that defendant Aiken was personally involved in any denial of medical care.  In her affidavit, defendant Aiken avers that she has never treated or evaluated plaintiff, and that her only role was in responding to plaintiff's Step II grievance regarding a hearing aid.  *See* Br. in Supp. of Def.'s Mot. for Summ. J., Ex. A, ¶ 3.  That response was based on the medical record available at the time and plaintiff's continued treatment with medical providers, in particular the determination that plaintiff did not meet the requirements for a hearing aid.  *See id.*, Attachment.  In his complaint, plaintiff alleges that defendant Jurado made a medical determination that he did not meet the criteria for a hearing aid, *see* Compl. at 5, and his only allegation against defendant Aiken is that she denied his Step II appeal, *see id.* at 6.  Thus, plaintiff's allegations and defendant Aiken's affidavit establish that defendant Aikens had no personal involvement in the alleged deprivation of appropriate medical care.  It is well established that a defendant's failure to respond, or an inappropriate response, to a prisoner's grievance is insufficient to hold the defendant personally liable.  *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199

F.3d 295, 300 (6th Cir. 1999) (as against defendants whose only involvement was the denial of administrative remedies and the "failure to remedy the alleged retaliatory behavior[,]" "[t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts[].""). Accordingly, the Court should conclude that defendant Aikens is entitled to summary judgment.

      2.    *ADA Claim*

Likewise, the Court should conclude that defendant Aikens is entitled to summary judgment on plaintiff's ADA claim, because individual defendants are not proper parties under the ADA. Title II of the ADA provides, in relevant part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA further provides, however, that "[t]he term 'public entity' means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). By its terms, the statute does not apply to individuals, and thus "public entity" under the Act does not include an individual prison official. Accordingly, plaintiff's complaint fails to state a claim against defendant Aiken under the ADA. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (Roberts, J.); *Damron v. North Dakota Comm'r of Corrections*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd*, 127 Fed. Appx. 909 (8th Cir. 2005).

D.    *Conclusion*

In view of the foregoing, the Court should conclude that there is no genuine issue of material

fact showing that defendant Aiken was personally involved in the alleged deprivation of plaintiff's

constitutional rights, and that defendant Aiken is not subject to individual liability under the ADA.

Accordingly, the Court should grant defendant Aiken's motion for summary judgment.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party

might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


                                              s/Paul J. Komives

                                         PAUL J. KOMIVES
                                         UNITED STATES MAGISTRATE JUDGE
Dated:          7/15/13