UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL SHAWN COATES,

        Plaintiff,

                                      CASE NO. 2:12-CV-15529

    v.                               JUDGE PATRICK J. DUGGAN

                                        MAGISTRATE JUDGE PAUL KOMIVES

JEMER JURADO, et al.,

        Defendants.

_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION ON DEFENDANT AIKEN'S MOTION FOR SUMMARY JUDGMENT (docket #18)**

I.    <u>RECOMMENDATION</u>: The Court should conclude that plaintiff is not entitled to further discovery before consideration of defendant Aiken's motion for summary judgment. The Court should also conclude that plaintiff's amended complaint, leave to file which has been granted by a separate Order entered on this date, does not affect defendant Aiken's entitlement to summary judgment. Accordingly, the Court should grant that motion for the reasons explained in my prior Report and Recommendation.

II.    <u>REPORT</u>:

A.    *Procedural Background*

        Plaintiff Emanuel Shawn Coates, a state prisoner, commenced this action on December 17, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act. Named as defendants are Nurse Practitioner Jemer Jurado, Registered Nurse Subrina Aiken, and Corizon, Inc. Plaintiff alleges that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to provide him a replacement hearing aid. Plaintiff also alleges that defendants' actions violated Title II of the Americans with

Disabilities Act (ADA) by denying him participation in a government program on account of his disability. On April 12, 2013, defendant Aiken filed a motion for summary judgment, contending that she is entitled to judgment as a matter of law because she contends that she is entitled to summary judgment because she was not personally involved in the deprivation of plaintiff's hearing aid. On July 15, 2013, I filed a Report recommending that the Court grant defendant Aiken's motion for summary judgment. With respect to plaintiff's Eighth Amendment claim, I recommended that the Court conclude that plaintiff could not show that defendant Aiken was personally involved in the alleged deprivation of his rights because her only involvement was in denying a grievance related to the issue. With respect to plaintiff's ADA claim, I recommended that the Court conclude defendant Aiken is not subject to individual liability under the ADA. My Report and Recommendation is currently pending before the Court.

Subsequent to my Report and Recommendation, plaintiff sent a letter to the Court seeking clarification of certain docket entries. In this letter, plaintiff indicates that he filed a Rule 56(d) affidavit seeking additional discovery before the Court rules on his motion for summary judgment, a request that I did not consider in my prior Report. Petitioner also contends that the docket shows that only two exhibits were attached to his response to defendant Aiken's motion, but that he actually filed four exhibits. Further, on August 5, 2013, plaintiff filed a motion for leave to file an amended complaint which, he contends, will both show defendant Aiken's personal involvement and provide a more concise statement of the other defendants' unconstitutional conduct. By a separate Order entered this date, I have granted plaintiff's motion for leave to amend. This supplemental Report and Recommendation addresses the issues raised by plaintiff's letter and amended complaint as relevant to defendant Aiken's motion for summary judgment.

B.    *Analysis*

1.    *Additional Discovery*

Rule 56(d) of the Federal Rules of Civil Procedure (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).  On May 28, 2013, plaintiff filed a Rule 56(d) affidavit, stating that he needs a copy of his medical records to properly respond to defendant Aiken's motion for summary judgment.  Specifically, he contends that the medical records will show that during defendant Aiken's investigation of his Step II grievance appeal, the medical record contained information showing both that he had previously been diagnosed as suffering from hearing loss and had been prescribed a hearing aid, and that contrary to defendant Aiken's response to his grievance he was not being treated by a medical provider for this condition.

To be entitled to additional discovery before a court rules on a pending motion for summary judgment, the party seeking additional discovery must show, *inter alia*, "that the sought facts, if found, will influence the outcome of the pending motion for summary judgment." *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006) (internal quotation omitted); *see also*, *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir.1998) (internal quotation marks omitted) (party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion[s] will enable him, by discovery or other means, to rebut the [defendants'] showing of the absence of a genuine issue of fact.").  Here, plaintiff cannot make this showing.

With respect to plaintiff's ADA claim against defendant Aiken, as explained in my prior Report plaintiff's claim fails as a matter of law because Title II of the ADA does not impose liability on

individuals. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (Roberts, J.); *Damron v. North Dakota Comm'r of Corrections*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd*, 127 Fed. Appx. 909 (8th Cir. 2005). Nothing in plaintiff's medical records could alter this purely legal determination. With respect to plaintiff's Eighth Amendment claim against defendant Aiken, as explained in my prior Report plaintiff does not suggest that defendant Aiken was in any way involved in his medical care, only that she denied his Step II grievance regarding the allegedly inadequate care he was receiving. While plaintiff's medical record is certainly relevant to the question whether plaintiff was receiving adequate medical care, and thus relevant to plaintiff's claims against the other defendants, it is not relevant to his claim against defendant Aiken. As explained in my prior Report, it is well established that a defendant's failure to respond, or an inappropriate response, to a prisoner's grievance is insufficient to hold the defendant personally liable. *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (as against defendants whose only involvement was the denial of administrative remedies and the "failure to remedy the alleged retaliatory behavior[,]" "[t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts[]."). Because plaintiff does not suggest that the medical records would show that defendant Aiken had any role in his medical care other than responding to his grievance, the records do not have the potential to defeat defendant Aiken's motion for summary judgment. Accordingly, the Court should conclude that no additional discovery is needed with respect to defendant Aiken's motion for summary judgment, and that defendant Aiken is entitled to summary judgment for the reasons explained in my prior Report.

      2.    *Exhibits Attached to Plaintiff's Response*

      In his letter inquiring about certain docket entries, plaintiff notes that the docket entry for his

response to defendant Aiken's motion for summary judgment (docket #24) reads: "RESPONSE to <u>18</u> MOTION for Summary Judgment, *Brief in Support, Index of Exhibits, Exhibits 1 and 2, with Certificate of Service* filed by Emanuel Coates."   Plaintiff contends that his response actually included four exhibits, and that I may not have been aware of the missing exhibits at the time of my prior Report. Notwithstanding the description of the document on the docket, the electronic document attached to docket entry #24 includes plaintiff's response to the motion and five exhibits:   Health Service Kite Response dated 2/4/13 (Exhibit A); Defendant Aiken's Step II Response (Exhibit B); plaintiff's affidavit regarding non-treatment of his hearing disability (Exhibit C); and affidavits of Lamont Wigfall and Michael Edward Sarkisoff (Exhibits D & E).   Thus, notwithstanding the summary of plaintiff's response provided on the docket, it is clear that plaintiff's response included all of his exhibits, and that each of these exhibits were before me when I prepared and filed my Report.   Accordingly, plaintiff's docket inquiry does not affect my recommendation regarding defendant Aiken's motion for summary judgment.

      3.    *Plaintiff's Amended Complaint*

      By Order entered this date, I have granted plaintiff's motion for leave to amend his complaint. Although plaintiff's amended complaint provides allegations regarding his medical care that are both more complete and more concise, his amended complaint does not alter defendant Aiken's entitlement to summary judgment.   Plaintiff continues to allege only that defendant Aiken improperly denied his Step II grievance appeal.   As explained above, regardless of the underlying medical information alleged in the complaint, defendant Aiken's denial of a grievance is simply insufficient to show that she was personally involved in the alleged deprivation of plaintiff's constitutional rights.   Accordingly, for the reasons explained in my prior Report, the Court should conclude that defendant Aiken is entitled to summary judgment notwithstanding plaintiff's amended complaint.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/ Paul J. Komives_____
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: August 8, 2013

                        **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Emanuel Coats and Counsel of Record on this date.

Dated: August 8, 2013              s/ L. Bartlett_____
                                        Rotating Case Manager

6