UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL COATES,

      Plaintiff,

   v.

JEMER JURADO, et al.

      Defendants.
_____/

CASE NO. 2:12-cv-15529
JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE PAUL J. KOMIVES

OPINION AND ORDER: (1) GRANTING IN PART DEFENDANTS CORIZON HEALTH AND JURADO'S MOTION FOR PROTECTIVE ORDER (docket #31); (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR IMMEDIATE CONSIDERATION (docket #44); (3) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IN WHICH TO CONDUCT DISCOVERY (docket #56); (4) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (docket #60); and (5) GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION TO AMEND (docket #79) and DEEMING WITHDRAWN PLAINTIFF'S MOTION TO AMEND (docket #61)

I.    OPINION

Plaintiff Emanuel Coates, a state prisoner, filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act on December 17, 2012. At the times relevant to his complaint, plaintiff was incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Named as defendants are Nurse Practitioner Jemer Jurado, Registered Nurse Sabrina Aiken, and Corizon, Inc. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide him a replacement hearing aid. Petitioner also alleges that defendants' actions violated Title II of the Americans with Disabilities Act (ADA) by denying him participation in a government program on account of his disability. On July 15, 2013, I filed a Report recommending that the Court grant

1

defendant Aiken's motion for summary judgment. On August 5, 2013, plaintiff filed a motion to amend the complaint, which I granted on August 8, 2013. Plaintiff's amended complaint was filed on the same date. Also on that date, I filed a Supplemental Report again recommending that the Court grant defendant Aiken's motion for summary judgment notwithstanding plaintiff's amended complaint and request for further discovery. The Court adopted my recommendation and granted summary judgment to defendant Aiken on September 25, 2013.

The matter is currently before the Court on several motions filed by the parties. This Order addresses each of the pending motions, except for plaintiff's motion for partial summary judgment filed on January 30, 2014, which will be addressed in a separate Report and Recommendation.

A.  *The Parties' Discovery Motions*

    1.  *Background*

Both plaintiff and defendants have filed motions for a protective order. First, on July 26, 2013, defendants filed a motion for protective order seeking a stay of defendant Jurado's obligation to respond to plaintiff's discovery requests until plaintiff produces an authorization to obtain his medical records. Defendants contend that plaintiff Jurado is no longer employed by Corizon and no longer has access to any MDOC facilities or documents. Plaintiff's discovery requests to defendant Jurado, they further contend, cannot be answered until defendant Jurado has access to plaintiff's medical records. In their motion, defendants assert that plaintiff refused to provide an authorization because defendants' request was both premature and overbroad. Plaintiff filed a response to the motion on August 15, 2013. In his response, plaintiff argues that defendant Jurado is not entitled to a stay of discovery, and in any event that he had now provided a release for his medical records. Plaintiff filed a supplemental response on August 29, 2013. Defendants filed a

supplement to their motion on September 5, 2013. In their supplement, defendants argue that plaintiff's completed MDOC authorization was insufficient because it was limited to "all records pertaining to hearing loss/hearing aids." Defendants argue that based on plaintiff's claims regarding his hearing loss, his ability to communicate with all medical providers is relevant. Defendants further argue that plaintiff's subsequent authorization to release all his records was not sufficient because it was not on the MDOC's official form, and thus would not be honored by the MDOC custodian of records. Finally, defendants argue that plaintiff is attempting to have defendants fund the costs of his discovery. They note that plaintiff authorized release of his records from September 4, 1997 to the present, even though they only seek records beginning January 1, 2009, when Corizon began providing medical personnel to the MDOC. They further note that plaintiff has requested from defendants copies of all his medical records from September 4, 1997 to the present. Defendants argue that they are not required to fund the costs of plaintiff's discovery, but are willing to produce copies of any medical records they receive from January 1, 2009, to present at a cost of 10 cents per page. Plaintiff filed a supplemental response on September 16, 2013, in which he argues that his medical records relating to things other than his hearing are irrelevant.

Plaintiff filed his own motion for protective order on September 30, 2013. Plaintiff seeks an order limiting defendants' discovery to medical information regarding his hearing loss from May 4, 2011, to present. Plaintiff argues that medical or employment information prior to this time is irrelevant, because he had a hearing aid prior to being reincarcerated on that date. Plaintiff also argues that medical records relating to other issues apart from his hearing loss are irrelevant. Defendants filed a response to this motion on October 9, 2013, arguing that plaintiff's medical records for the time while he was on parole, and covering matters other than his hearing loss, are

relevant. Plaintiff filed a supplement to his motion on January 9, 2014, attached to which is a signed MDOC authorization dated December 30, 2013. This authorization covers the period January 1, 2009 to present, but again is limited to "[a]ll records pertaining to hearing loss/hearing aides [sic]." Defendants further represent that defendant Corizon has responded to all of plaintiff's discovery requests, and that defendant Jurado has likewise done so but that her responses are not complete because she has yet to obtain plaintiff's medical records, which she most have to respond to plaintiff's requests.

2. *Analysis*

The principal issue presented by the parties' competing motions for protective order is the extent to which plaintiff's medical records are discoverable. Defendants argue that all of plaintiff's medical records from January 1, 2009, to the present are relevant because they bear on his claim that he cannot function in the prison setting without a hearing aid. Plaintiff counters that medical records relating to his time on parole are irrelevant, as are medical records relating to conditions other than his hearing loss. The Court agrees with defendants that the records requested are relevant.

Pursuant to Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and the court may also "order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). The rule further explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(b)(1) "encourage[s] the exchange of information through broad discovery." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004); *see also*, *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 627-28 (N.D. Okla. 2009) ("Rule 26(b)(1) defines a broad scope of discovery."); *Seales v. Macomb County*, 226

F.R.D. 572, 575 (E.D. Mich. 2005) (Whalen, M.J). The relevancy standard set forth in Rule 26(b)(1) "is commonly recognized as one that is necessarily broad in its scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Security Plans, Inc. v. CUNA Mutual Ins. Society*, 261 F.R.D. 4, 8 (W.D.N.Y. 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also*, *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 648-49 (S.D. Fla. 2009).

Under this standard, the records sought by defendants are relevant. The nature of plaintiff's claims–deliberate indifference to his medical needs–makes his entire medical treatment history at the prison relevant. To obtain relief on his medical care claims, plaintiff must show both that he suffered from an objectively serious medical need, and that defendant was, subjectively, deliberately indifferent to that medical need. The entirety of plaintiff's medical treatment history is reasonably likely to contain information relevant to whether he suffers from a serious medical need, and the entire course of treatment is relevant to a determination of whether defendant was deliberately indifferent to that need. As the Court has previously explained, "by raising issues of denial of access to appropriate medical treatment by Defendant[], Plaintiff has clearly placed into contest all of his medical history," and "[p]laintiff's allegations bring his physical condition and medical records into question and make Plaintiff's health records a legitimate source of inquiry and investigation into the factual basis of his claims." *Davis v. Caruso*, No. 07-CV-11740, 2009 WL 931165, at *5 (E.D. Mich. Mar. 31, 2009) (Komives, M.J.) (internal quotations omitted); *see also*, *McCormick v. Brzezinksi*, No. 08-CV-10075, 2008 WL 4965343, at * (E.D. Mich. Nov. 18, 2008) (Cleland, J.) ("[G]iven that Plaintiff has put her medical condition at issue in this litigation, Defendants are

entitled to discovery regarding Plaintiff's medical condition in order to properly defend this matter."). More specifically, plaintiff alleges that his hearing loss, and defendants' failure to provide him a hearing aid to remedy that hearing loss, make it impossible or dangerous for him to function in the prison setting. Records relating to his treatment with medical providers for other health reasons is reasonably calculated to lead to the discovery of evidence regarding his ability to function. Likewise, by plaintiff's own admission there was a time period prior to his reincarceration in which he was without hearing aids, and his ability to function during this time outside of prison will likewise bear on his claim that he is unable to function within the prison without a hearing aid.

As to plaintiff's discovery requests, the Court again agrees with defendants that they are not obligated to fund the costs of plaintiff's discovery. *See Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Pursuant to MDOC regulations, plaintiff may obtain a copy of his own prison medical records, *see* MDOC POLICY DIRECTIVE 03.04.108, ¶ S (Jan. 17, 2011), and plaintiff has a right to inspect and obtain copies of all his medical records under federal law, *see* 45 C.F.R. § 164.524. Because plaintiff may as easily obtain these records, and because defendants are not obligated to fund plaintiff's litigation efforts, it is not appropriate to compel defendants to produce back to plaintiff his own medical records. *See Mitchell v. Haviland*, 2:09-cv-3012, 2013 WL 5587404, at *6 (E.D. Cal. Oct. 10, 2013); *Washam v. Evans*, No. 2:10CV00150, 2011 WL 2559850, at *3 (E.D. Ark. June 29, 2011) (citing cases).

For these reasons, defendants' motion for protective order will be granted in part and plaintiff's motion for protective order will be denied. Defendants will be ordered to provide plaintiff with the appropriate medical release forms for plaintiff's signature. Plaintiff shall sign and return the forms to defendants within 14 days of receiving them. Within 14 days of receipt of plaintiff's

medical records, defendant Jurado shall supplement her responses to plaintiff's discovery requests. Any information obtained pursuant to the release shall not be disclosed to anyone other than the parties, counsel, employees of counsel, or experts retained by defendant, and such persons shall likewise be bound by this protective order. Any medical records filed with the Court by defendant shall be filed under seal. Plaintiff is advised that failure to sign the authorizations could result in the imposition of sanctions under Rule 37, up to and including dismissal of the complaint.

B.   *Plaintiff's Motion for Extension of Time*

Also pending before the Court is plaintiff's motion for extension of time, filed on September 18, 2013. Plaintiff seeks an extension of the Court's scheduling order to allow more time both to conduct discovery and file discovery motions in light of his *pro se* status and limited law library time, as well as the parties' ongoing discovery disputes. Defendants filed a response to this motion on September 19, 2013. Defendants concur that an extension of time to conduct discovery is appropriate. In light of the facts discussed by the parties and the parties' concurrence in an extension of time, the Court concludes that there is good cause for an amendment of the scheduling order. *See* FED. R. CIV. P. 16(b)(4). The Court's Scheduling Order will be modified as follows: discovery and discovery motions due by April 7, 2014; dispositive motions due by May 7, 2014.

C.   *Plaintiff's Motion for Immediate Consideration of Motion for Appointment of Counsel*

Also pending before the Court is plaintiff's is plaintiff's ex parte motion for immediate consideration of his ex parte motion for the appointment of counsel, filed on August 19, 2013. Attached to this motion is a motion for the appointment of counsel. Plaintiff filed a supplement to this motion on August 26, 2013. Defendants filed a response to the motion on August 28, 2013, and plaintiff filed a reply on September 11, 2013.

A civil litigant has no constitutional or statutory right to the appointment of counsel. *See Abdur-Rahmam v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). Pursuant to the *in forma pauperis* statute, the court "may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). A court's authority under this provision, however, is limited to assisting a civil litigant in obtaining pro bono counsel; a court has no authority to compel or otherwise appoint counsel to represent any civil party. *See Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02, 310 (1989). A court should not request counsel for an indigent litigant as a matter of course, but should reserve such requests for cases involving "exceptional circumstances." In making this determination, a court should consider the probable merit of the claims, the nature of the case, the complexity of the legal and factual issues raised, and the ability of the litigant to represent himself. *See Lince v. Youngert*, 136 Fed. Appx. 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Here, the case is not overly complex, involving a single claim relating to defendants' alleged denial of a replacement hearing aid. The basis of plaintiff's claims is clear, and plaintiff has been able to respond in an intelligent manner to the motions that have been filed by defendants to date. Further, plaintiff has been able to knowledgeably engage in the discovery issues that have presented themselves in this action. It therefore does not appear that there are "exceptional circumstances" which compel the Court to assist plaintiff in securing counsel at this stage of the proceedings. Accordingly, plaintiff's motion will be denied, without prejudice to renewal should it later appear that exceptional circumstances warrant the appointment of counsel.

D.   *Plaintiff's Motion for Leave to Amend and Motion to Withdraw Motion to Amend*

Finally, on October 2, 2013, plaintiff filed a motion for leave to file a second amended

complaint. However, on February 3, 2014, plaintiff filed a motion to withdraw his motion to amend. In light of plaintiff's desire to withdraw his motion to amend, his motion to withdraw will be granted, and his motion for leave to file a second amended complaint will be deemed withdrawn.

II.     ORDER

In view of the foregoing it is ORDERED that:

1.     Defendants' motion for protective order is hereby GRANTED IN PART and plaintiff's motion for protective order is hereby DENIED. It is further ORDERED that defendants provide plaintiff with the appropriate medical release forms for plaintiff's signature within 14 days of the date of this order. Plaintiff shall sign and return the forms to defendants within 14 days of receiving them. Within 14 days of receipt of plaintiff's medical records, defendant Jurado shall supplement her responses to plaintiff's discovery requests. Any information obtained pursuant to the release shall not be disclosed to anyone other than the parties, counsel, employees of counsel, or experts retained by defendants, and such persons shall likewise be bound by this protective order. Any medical records filed with the Court by defendants shall be filed under seal;

2.     Plaintiff's motion for enlargement of time is hereby GRANTED. It is further ORDERED that the Scheduling Order is amended as follows:

Deadline for completing discovery and filing discovery motions:     **April 7, 2014**
Deadline for filing dispositive motions:     **May 7, 2014**;

3.     Plaintiff's motion for immediate consideration of his motion to appoint counsel is hereby DENIED WITHOUT PREJUDICE to renewal should circumstances arise necessitating the appointment of counsel; and

4.     Plaintiff's motion to withdraw motion for leave to file second amended complaint is hereby GRANTED, and plaintiff's motion for leave to filed second amended complaint is hereby

DEEMED WITHDRAWN.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1). The parties are advised that, absent further Order from the Court, the filing of an appeal to the District Judge does not stay the obligations of the parties as set forth in this Order. *See* E.D. MICH. LR 72.2.

IT IS SO ORDERED.

Date: February 11, 2014                     s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 11, 2014.

                                            s/ Kay Doaks
                                            Case Manager