UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL SHAWN COATES,

       Plaintiff,                              Case No. 12-15529

v.                                              Honorable Patrick J. Duggan

JEMER JURADO, SUBRINA            Magistrate Judge Paul J. Komives
AIKEN, and CORIZON,
INCORPORATED,

       Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF No. 86) AND (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 78)**

On December 17, 2012, Plaintiff Emanuel Coates, a state prisoner, instituted this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Nurse Practitioner Jemer Jurado, Registered Nurse Subrina Aiken, and Corizon, Inc. are named as defendants; however, this Court previously granted Defendant Aiken's Motion for Summary Judgment and dismissed her from this action. Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide him with a replacement hearing aid. Plaintiff further contends that Defendants violated Title II of the ADA by denying him participation in a government program on account of his disability.

This Court referred the lawsuit to Magistrate Judge Paul J. Komives for all pretrial matters proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff subsequently filed a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56, seeking the entry of judgment against Defendant Jurado with respect to Plaintiff's Eighth Amendment deliberate indifference claim. Defendant Jurado responded to Plaintiff's Motion. In accordance with the aforementioned referral, Magistrate Judge Komives issued an R&R recommending that this Court deny Plaintiff's Motion. At the conclusion of the R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them. Plaintiff filed timely objections to this R&R and Defendant Jurado responded. Having carefully reviewed the R&R and Plaintiff's objections thereto, this Court agrees with the conclusions reached by Magistrate Judge Komives and therefore adopts the R&R denying Plaintiff's Motion.

## I.   STANDARD OF REVIEW

The Federal Magistrates Act of 1968, Pub. L. No. 90-578, 82 Stat. 1107, "creates two different standards of review for district courts when a magistrate court's finding [or recommendation] is challenged in district court [by way of a

party's objection]. A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of [28 U.S.C.] § 636(b)(1)(A). [] Conversely, 'dispositive motions' excepted from § 636(b)(1)(A), . . . are governed by the *de novo* standard." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotations omitted); *see also* 28 U.S.C. § 636(b)(1)(A)-(B); Fed. R. Civ. P. 72.

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, such as in the instant action, courts are directed to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In completing this *de novo* review, courts reexamine the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). This does not, however, require a court "to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

## II. ANALYSIS

Objection #1:

3

Plaintiff first objects to Magistrate Judge Komives's conclusion "that the Medical records submitted by Plaintiff did not demonstrate that his hearing loss was a serious medical need." (Pl.'s Objs. 2.) This objection also appears to encompass a challenge to Magistrate Judge Komives's finding with respect to the subjective component of an Eighth Amendment deliberate indifference claim. (*Id.* at 4-5 (discussing evidence pertinent to subjective prong of deliberate indifference standard, specifically, Defendant Jurado's alleged falsification of documents).)

In addressing Plaintiff's burden on the objective component of a deliberate indifference claim, Magistrate Judge Komives explains that "the documents upon which plaintiff relies do not in themselves establish that plaintiff's hearing loss was so severe as to constitute a serious medical need." (R&R 6 (citation omitted).) Plaintiff argues that this conclusion was erroneous, particularly when the medical records are read in tandem with the affidavits of other prisoners indicating that Plaintiff has been injured or nearly-injured while incarcerated due to his hearing loss. (Pl.'s Objs. 2-4.) The Court need not dwell on this argument because assuming for the sake of argument that Plaintiff's hearing loss constitutes a serious medical condition such that it satisfies the objective component of his claim, Plaintiff cannot show an absence of disputed facts regarding whether Defendant Jurado's conduct satisfies the subjective component. This is because Defendant Jurado offered a Declaration as evidence in response to Plaintiff's summary

4

judgment motion in which she claims she did, contrary to Plaintiff's assertions, refer Plaintiff for an audiogram and that it was a different person who ultimately determined that Plaintiff did not qualify for a hearing aid. (R&R 6.) Because Plaintiff bears the burden of persuasion on his Eighth Amendment claim, Magistrate Judge Komives correctly concluded that Plaintiff failed to discharge his burden at the summary judgment stage. Plaintiff's first objection is therefore denied.

Objection #2:

Plaintiff's second objection is to Magistrate Judge Komives's alternative basis for denying Plaintiff's Motion for Partial Summary Judgment. (Pl.'s Objs. 5-7.) In his R&R, Magistrate Judge Komives concluded that summary judgment was also improper because Defendant Jurado had adequately shown a need for further discovery in order to properly respond to Plaintiff's summary judgment motion. (R&R 6.) In reaching this conclusion, Magistrate Judge Komives relied on Federal Rule of Civil Procedure 56(d) and on the fact that Plaintiff had not, to date, authorized the release of certain requested medical documents to Defendant Jurado. Although Plaintiff disputes the relevance of the medical documents sought, the Court has already deemed the items relevant and entered an Order to that effect on February 11, 2014. These documents have yet to be produced because Plaintiff must first submit an authorization for the release of the requested

documents in an MDOC-approved form. Accordingly, Magistrate Judge Komives's recommendation that Plaintiff's Motion for Summary Judgment be denied to allow for more discovery is entirely proper. The Court, therefore, denies Plaintiff's second objection.

### III. SUMMARY AND ORDER

For the reasons set forth herein, the Court concludes that Plaintiff's objections to the R&R lack merit and therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

Date:  April 23, 2014

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

**Emanuel Coates**, #155262
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

**Cori E. Barkman, A.A.G.**
**Kandy C. Ronayne, A.A.G.**
**Kevin R. Himebaugh, A.A.G.**
**Magistrate Judge Paul J. Komives**

6