UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL COATES,

    Plaintiff,

v.

JEMER JURADO, et al.,

    Defendants.

Case No. 12-15529
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

_____/

# OPINION AND ORDER REGARDING
# MULTIPLE NON-DISPOSITIVE MOTIONS

## I.   INTRODUCTION

Plaintiff Emanuel Coates ("Coates"), a *pro se* prisoner, alleges that Defendants Jemer Jurado, N.P. ("Jurado"), and Corizon Health, Inc. (collectively "Defendants")[1] were deliberately indifferent to his serious medical needs in violation of the Eight Amendment by failing to provide him with a replacement hearing aid. [52]. On January 12, 2015, this case was referred to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [130]. Before the Court are several non-dispositive motions.

For the reasons discussed below, the Court **ORDERS** that:

---

[1] Coates also named Subrina Aiken, R.N., as a defendant; however, the Court dismissed her from this action on September 25, 2013. [*See* 59].

1. Coates' Motion for Settlement Conference [97] is **DENIED WITHOUT PREJUDICE**;

2. Defendants' Motion for Extension of Time for Discovery [98] is **GRANTED IN PART**[2] as follows:

    a. Discovery is extended for Defendants until **MARCH 31, 2015**, but only with regard to their prior discovery requests related to Coates' parole;

    b. The deadline to file dispositive motions is extended until **APRIL 24, 2015**;

    c. On or before **MARCH 6, 2015**, Coates must provide substantive responses to Defendants' discovery requests seeking the identification of his medical providers and employers while on parole, details of how he lost his hearing aid, and the steps he took to get his hearing aid replaced; and

    d. Coates must comply with the foregoing even if he appeals this Order to the District Judge. If he fails to timely respond to Defendants' discover, Defendants may move to dismiss this action under Fed. R. Civ. P. 37(b)(2)(A)(v).

3. Coates' Motion for Sanctions Against Jurado [114] and Motion for Extension to File Reply [121] are **DENIED**. Coates' Motion to Compel Jurado [105] is **MOOT**;

4. Coates' *Ex Parte* Motion for Appointment of Counsel [119] is **DENIED WITHOUT PREJUDICE**;

5. Defendants' Motion to Quash Subpoena [123] is **MOOT**;

6. Coates' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [131] is **GRANTED IN PART**. His response is due **MARCH 31, 2015** and Defendants' reply is due April 17, 2015;

---

[2] Defendants' request for a 60-day extension is denied.

2

7. Coates' Motion for Service on Harriet Squier, M.D. [117] is **MOOT**;

8. Corizon, Inc. is **TERMINATED** from this action; and

9. Unless ordered otherwise by the Court, the filing of an appeal to the District Judge **DOES NOT STAY** the parties' obligations in this Order.

## II.   BACKGROUND

From September 1997 until May 2011, when he was paroled, Coates was in the custody of the Michigan Department of Corrections ("MDOC"). During that time, he was provided a hearing aid and batteries. Coates says he continued to use his hearing aid while on parole, but that he lost it in January 2012. On February 7, 2012, Coates' parole was revoked. Coates claims that, despite trying, he could not obtain a replacement hearing aid before he returned to prison. Coates alleges that Defendants were deliberately indifferent to his serious medical needs by not providing him a hearing aid after he returned to MDOC custody.

On February 11, 2014, Magistrate Judge Paul J. Komives entered an opinion and order addressing, among other things, competing motions for a protective order concerning the extent to which Coates's medical records were discoverable. Judge Komives found that all of Coates' medical records from January 1, 2009 to the present were relevant, including medical records from his time on parole, and he ordered Coates to sign a

3

medical release form authorizing Defendants to receive the records. He also ordered Defendant Jurado to supplement her responses to Coates' discovery requests within 14 days of receiving the medical records, and he extended the discovery deadline until April 7, 2014 and the deadline to file dispositive motions until May 7, 2014. Coates appealed Judge Komives's order, arguing that his mental health records were not relevant to his deliberate indifference claim. [83].

Defendants received Coates' medical records shortly thereafter, but they left the records sealed pending resolution of his appeal. Because Coates' discovery requests concerned his medical records, Jurado did not supplement her responses within 14 days, as ordered. Three of Coates' pending motions address Jurado's failure to comply with Judge Komives' order. [*See* 105, 113, 114].

On May 20, 2014, Judge Laurie J. Michelson entered an order affirming Judge Komives' order in part. [111]. She found that, except for mental health records, Coates' medical records from April 1, 2009[3] to the present were relevant. Because discovery closed before Judge Michelson ruled on Plaintiff's objections, several discovery disputes remain

---

[3] Judge Michelson substituted January 1, 2009 with April 1, 2009, because Defendants did not seek records earlier than April 1, 2009.

4

outstanding. Below, the Court addresses each motion in turn, adding relevant background as needed.

### III. ANALYSIS

#### A. Coates' Motion for Settlement Conference [97] is DENIED WITHOUT PREJUDICE

On April 2, 2014, Coates moved for an order compelling a settlement conference, contending that the parties may be able to reach a compromise in this matter because Defendants have "not totally rejected such a proposition." [97, Pg. ID 1318]. In their response, Defendants disagreed, stating that they "will not consider settling this matter" until Coates responds to discovery and they independently investigate his claims. [100, Pg. ID 1415]. Since then, Defendants filed a motion for summary judgment, which is not yet fully briefed. [125]. Since it is clear Defendants would not consider resolving this dispute at this juncture, any settlement conference would be futile.

Accordingly, Coates' Motion for Settlement Conference [97] is DENIED WITHOUT PREJUDICE. If Coates survives summary judgment, he may raise this matter again.

## B.   Defendants' Motion for Extension of Time for Discovery [98] is GRANTED IN PART

On April 3, 2014, before discovery closed and before Judge Michelson ruled on Coates' objections to Judge Komives' order, Defendants filed a Motion for Extension of Time for Discovery.  [98].  Besides a discovery extension, Defendants sought an order stating that discovery was not stayed pending Coates' appeal to the district judge[4] and compelling Coates to respond to outstanding interrogatories and requests for production.  Defendants say Coates refuses to respond to discovery regarding the identification of his outside treating providers and employers while on parole, the details of how he lost his hearing aid, and the steps he took to get it replaced.  In their January 2, 2015 summary judgment motion, Defendants say Coates still has not responded to this discovery.  [125, Pg. ID 1744].

In response, Coates correctly points out that Judge Komives' order stated that, "absent further Order from the Court, the filing of an appeal to the District Judge does not stay the obligations of the parties as set forth in this Order."  [80, Pg. ID 1076].  Coates says, therefore, the Court should deny Defendants motion for extension, and instead sanction them for "such blatant display of contempt."  [106, Pg. ID 1453].  While the Court agrees

---

[4] Judge Michelson ruled on Coates' appeal, so this issue is MOOT.

6

that Defendants did not *need* to move for an order stating discovery continued during Coates' appeal, there is no evidence they did so in bad faith or with malice. The Court understands Defendants' hesitation to review Coates' medical records in light of their confidential nature and the pending appeal. The Court will not punish Defendants for acting with caution.

Alternatively, Coates argues that the Court should not extend discovery because he already responded to Defendants' interrogatories and document requests. However, a review of Coates' responses shows that he merely objected to the outstanding discovery "as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." [106, Pg. ID 1457-60]. Coates' responses are unsatisfactory.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense….Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). "[B]ecause discovery itself is designed to help define and clarify the issue, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is

or may be in the case." *Conti v. American Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 904 (6th Cir. 2009) (citation and internal quotations omitted).

The discovery Defendants seek includes the identification of Coates' medical providers and employers while on parole, details of how he lost his hearing aid, and the steps he took to get it replaced. The Court already held that Coates' medical records while on parole are relevant and discoverable. [111]. Thus, the identification of Coates' outside treating providers while on parole is discoverable.[5]

The Court finds that the remaining discovery sought also is relevant and discoverable. Each of those discovery inquiries bears on issues that are, or may be, in the case. One of Defendants' defenses is that Coates' hearing loss does not constitute a serious medical need. An issue related to that defense is Coates' ability to function without a hearing aid. The discovery Defendants seek is reasonably calculated to lead to admissible evidence regarding that issue. Specifically, how Coates lost his hearing aid and the efforts he took to obtain a replacement could shed light on his need for a hearing aid and his ability to function without a one. Moreover,

---

[5] Plaintiff says he never "indicated or expressly stated that he was medically treated during the time he was on parole. It is the defendants who have leap [sic] to such a conclusion…." [106, Pg ID 1452]. If Plaintiff did not see a medical provider while on parole, he must assert that in his response to Defendants' discovery requests.

Coates' employment history is relevant because Defendants could depose employers or co-workers regarding whether Coates wore a hearing aid consistently, regarding when he stopped wearing a hearing aid, and regarding his ability to function when he did not wear a hearing aid. These matters bear on, or could reasonably lead to other matters that could bear on, an issue in this action. *See Conti*, 326 Fed. Appx. at 904.

Coates' repeated refusal to respond to discovery requests regarding his time on parole prevented Defendants from investigating allegations and information related to a central issue in this action – i.e., whether Coates can function without a hearing aid. Coates demonstrates that he understands the legal standard for determining whether information is "relevant" and discoverable. [*See, e.g.*, 122, Pg. ID 1690 (Coates discussing Rule 26's allowance of "broad discovery")]. Thus, Coates' continued refusal to produce the above-referenced relevant discovery is inexcusable, and the Court cautions him to review Federal Rule of Civil Procedure 37 regarding sanctions that he may face if he continues to not cooperate in discovery.

Accordingly, Defendants' Motion for Extension of Time for Discovery [98] is GRANTED IN PART, as follows:

1. Discovery is extended for Defendants until **MARCH 31, 2015**, but only with regard to their prior discovery requests related to Coates' parole;

2. The deadline to file dispositive motions is extended until **APRIL 24, 2015**;

3. On or before **MARCH 6, 2015**, Coates must provide substantive responses to Defendants' discovery requests seeking the identification of his medical providers and employers while on parole, details of how he lost his hearing aid, and the steps he took to get his hearing aid replaced; and

4. Coates must comply with the foregoing even if he appeals this Order to the District Judge. If he fails to timely respond to Defendants' discover, Defendants may move to dismiss this action under Fed. R. Civ. P. 37(b)(2)(A)(v).

### C. Coates' Motions Regarding Defendant Jurado's Failure to Comply With Court Order [105, 114, and 121]

On April 30, 2014, Coates filed a motion to compel Defendant Jurado to comply with Judge Komives' order requiring her to supplement her responses to Coates' discovery requests within 14 days of receiving his medical records [*see* 80]. [105]. On May 19, 2014, Plaintiff filed a motion for default judgment against Jurado [113] and a motion for sanctions against Jurado [114] for her failure to comply with Judge Komives' order. On May 28, 2014, Defendants filed a combined response to Coates' three motions showing that Jurado supplemented her responses to his discovery on May 13, 2014. [116]. On June 9, 2014, Coates moved for an extension

of time to reply to Defendants' response. [121]. Coates' four motions are pending.[6]

Jurado did not timely supplement her responses to Coates' discovery because the discovery concerned his medical records and Defendants left those records sealed pending resolution of the appeal to the district judge. As discussed above, Jurado did not act in bad faith or with malice in failing to timely supplement. Rather, Defendants' decision to seek clarification in light of Coates' objection to Judge Komives' order was done in good faith and the Court will not sanction Jurado. Coates' motion for sanctions against Jurado [114] is DENIED. Because Jurado already supplemented her responses to Coates' discovery requests, Coates' motion to compel [105] is MOOT. However, if Coates has any other outstanding discovery request to which Defendants have not responded, they must respond by **February 27, 2015**.

The Court DENIES Coates' motion for an extension of time to reply to Defendants' response [121]. Coates does not show good cause for such an extension, and the Court finds that a reply would not assist in its disposition of the three motions. The Court is well-apprised of the facts

---

[6] The Court addresses Coates' Motion for Default Judgment [113] in a separate Report and Recommendation.

based on the parties' briefing of these motions and the extensive briefing of other motions in this action.

### D. Coates' Ex Parte Motion for Appointment of Counsel [119] is DENIED WITHOUT PREJUDICE

On May 30, 2014, Coates moved, *ex parte*, for appointment of counsel. [119]. This is his third motion to appoint counsel; the previous motions were denied without prejudice. [*See* 21, 80, 111]. Coates says he is entitled to counsel now because he is unskilled in the law and had previously relied on the assistance of other prisoners, which is no longer available.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's

12

expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Considering the relevant factors, the Court finds that Coates does not show exceptional circumstances that merit the appointment of counsel at this juncture. This case is not overly complex; the factual and legal issues in Coates' deliberate indifference claim are relatively straightforward. Furthermore, Coates' reliance on his lack of training in the law does not constitute an exceptional circumstance to justify his request for appointment of counsel, as the same is true for the majority of *pro se* litigants.

Coates' Motion for Appointment of Counsel [119] is DENIED WITHOUT PREJUDICE. If Coates survives summary judgment, he may raise this matter again.

### E.     Defendants' Motion to Quash Subpoena [123] is MOOT

On September 2, 2014, Coates attempted to serve a subpoena on Amy Gaskill, R.N., a MDOC employee, by having it delivered to "secure Health Care drop box." [123-1, Pg ID 1718]. The subpoena sought a copy of documents describing the criteria used to determine a prisoner's eligibility for a hearing aid. On September 26, 2014, a MDOC official sent Coates a letter stating, among other things, "RN Gaskill does not have access to any document that is responsive to your request." [*Id*.].

On October 21, 2014, Defendants moved to quash the subpoena, arguing that Coates never notified them of the subpoena or gave them a copy of it, as required under Fed. R. Civ. P. 45(b)(1), and service of the subpoena was improper. [123]. Coates responded to the motion to quash on November 13, 2014, and attached a "Subpoena Notice" and "Certificate of Service" that showed he attempted to notify the Defendants of the subpoena on August 27, 2014. [124].

Regardless of whether Coates properly served the subpoena or satisfied Rule 45's requirements, the Court finds that Nurse Gaskill complied with the subpoena by informing Coates that she does not have documents responding to his request. Accordingly, the subpoena is of no consequence going forward. Defendants' Motion to Quash Subpoena [123] is MOOT.

### F. Coates' Motion for an Extension of Time to Respond to Defendants' Motion for Summary Judgment [131] is GRANTED IN PART

On January 2, 2015, Defendants moved for summary judgment. [125]. The Court entered an order requiring Coates to respond to Defendants' motion by February 19, 2015. [129]. On January 15, 2015, Coates moved for a 120-day extension of time, or until June 19, 2015, to respond to Defendants' motion for summary judgment. [131].

14

Pursuant to Federal Rule of Civil Procedure 6(b), "the court may, for good cause, extend the time" for a party to act. Coates says good cause exists for the requested extension because he fractured several bones in his left wrist in late December 2014, which makes it is impossible for him to write or draft pleadings. Defendants oppose Coates' motion, but only as to the length of time he requests. They say a 120-day extension is excessive and would unfairly delay a final resolution in this action. [132].

Coates' fractured wrist constitutes good cause. However, his request for a 120-day extension is excessive and would unfairly delay these proceedings. The Court finds that an extension until March 31, 2015 is both reasonable and appropriate; it provides Coates a sufficient amount of extra time to recover from or become accustomed to functioning with his injury, and it does not unfairly delay the final resolution of this action. Therefore, Coates' Motion for an Extension [131] is GRANTED IN PART. Coates must respond to Defendants' motion for summary judgment [125] no later than **MARCH 31, 2015**; Defendants' reply is due April 17, 2015.

### G. Coates' Motion for Service on Defendant Harriet Squier [117] is MOOT

On May 27, 2014, Coates filed a Motion for Leave to Refile Second Amended Complaint [118] seeking to add Harriet Squier, M.D., as a defendant and add additional claims. Coates also moved for service on Dr.

15

Squier. [117]. In a separate Report and Recommendation, the Court recommends denying Coates' motion for leave. Thus, Dr. Squier is not a defendant. Coates' Motion for Service on Dr. Squier [117] is MOOT.

### H. Corizon, Inc. is Terminated From this Action

In his original complaint, Coates named Corizon, Inc. as a defendant. In the First Amended Complaint, the operative complaint, Coates replaced Corizon, Inc. with Corizon Health, Inc. [52]. Although Corizon, Inc. is no longer a party to this action, it remains listed as an active defendant. Accordingly, Corizon, Inc. is TERMINATED.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Coates' Motion for Settlement Conference [97] and *Ex Parte* Motion for Appointment of Counsel [119] are **DENIED WITHOUT PREJUDICE**; Defendants' Motion for Extension of Time for Discovery [98] is **GRANTED IN PART**; Coates' Motion for Sanctions Against Jurado [114] and Motion for Extension to File Reply [121] are **DENIED**; Coates' Motion to Compel Jurado [105] and Motion for Service on Harriet Squier [117] are **MOOT**; Defendants' Motion to Quash Subpoena [123] is **MOOT**; and Coates' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [131] is **GRANTED IN PART**.

**IT IS ORDERED**.

                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
                                              United States Magistrate Judge

Dated: February 12, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2015.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager