UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL COATES,

    Plaintiff,

v.

JEMER JURADO, et al.,

    Defendants.

Case No. 12-15529
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION [135]
AND REQUIRING DEFENDANTS TO PROVIDE
<u>PLAINTIFF WITH NEW DISCOVERY AUTHORIZATION FORMS</u>**

Plaintiff Emanuel Coates ("Coates"), a *pro se* prisoner, alleges that Defendants Jemer Jurado, N.P. ("Jurado"), and Corizon Health, Inc. (collectively "Defendants") were deliberately indifferent to his serious medical needs in violation of the Eight Amendment by failing to provide him with a replacement hearing aid. [52]. On January 12, 2015, the Honorable Laurie J. Michelson referred this case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [130]. On February 12, 2015, the Court entered an Opinion and Order requiring, among other things, that:

> On or before **<u>MARCH 6, 2015</u>**, Coates must provide substantive responses to Defendants' discovery requests seeking the identification of his medical providers and

> employers while on parole, details of how he lost his hearing aid, and the steps he took to get his hearing aid replaced.

[133, Pg ID 2014-15]. On February 26, 2015, Coates filed a motion seeking clarification regarding the Opinion and Order, which is now before the Court. [135].

Coates says Defendants provided him with a "Minute Men Services, Inc., Authorization for release of the information" relating to his medical providers and employers while on parole. [*Id.*, Pg ID 2041]. The form asks Coates to "authorize any doctor, nurse, hospital, current or past employer to release[] any and all medical records…[for the dates] May 1, 2011 to February 27, 2012." [*See id.*, Pg ID 2046]. Furthermore, the form provides that:

> This information may include alcohol and drug abuse records protected under the regulations in code 42 or federal regulations, part 2, in any, psychological services records, in any, and social work records, if any, including communications made by me to a social worker or psychologist….

[*Id.*]. Coates objects to this sentence, arguing that it "exposes his mental health records to [Defendants'] discovery request," which the Court previously determined were not discoverable. [*Id.*, Pg ID 2042]. Coates is correct that the Court previously found that his mental health records are not discoverable by Defendants, [*see* 111, Pg ID 1476], and the Court's February 12 Opinion and Order was not intended to require otherwise.

2

To protect Coates's mental health records from discovery, the Court orders that Defendants must provide Coates with new Minute Men authorization forms that <u>specifically exclude mental health records</u> and that do not contain the sentence Coates objects to by **March 6, 2015**. Coates must sign and return the updated authorization forms to Defendants on or before **March 13, 2015**.

The Court's Opinion and Order [133] remains effective. For clarification, Coates must respond to Defendants' discovery requests and provide the following information: (1) a complete and detailed explanation of how he lost his hearing aid while on parole and the steps he took to get his hearing aid replaced; (2) the identification of all of his employers while on parole; and (3) excluding any providers he saw *solely*[1] for mental health reasons, the identification of all of his medical providers while on parole. Because the amount of time that passed while Coates sought clarification would make it difficult to comply by March 6, the Court extends the deadline one week; Coates must provide the above-mentioned substantive responses on or before **MARCH 13, 2015**.

---

[1] If Coates saw any medical providers for both mental health and other medical reasons, he must provide Defendants with their identity. However, Defendants cannot seek any information regarding Coates's

3

For the foregoing reasons, Coates's motion for clarification [135] is **GRANTED**.

**IT IS ORDERED**.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: February 27, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager