UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL COATES,

    Plaintiff,

v.

JEMER JURADO and CORIZON HEALTH, INC.,

    Defendants.

Case No. 12-cv-15529
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [134],
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT JURADO [113], AND DENYING PLAINTIFF'S MOTION
FOR LEAVE TO REFILE SECOND AMENDED COMPLAINT [118]**

Plaintiff Emanuel Coates, a Michigan prisoner, brought this lawsuit *pro se* under 42 U.S.C. § 1983. Coates alleges that Defendants Jemer Jurado, N.P., and Corizon Health, Inc., were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide him with a replacement hearing aid. Currently before the Court are Coates's objections to Magistrate Judge Elizabeth A. Stafford's Report and Recommendation to deny two of Plaintiff's motions.[1] In one, Coates seeks the drastic remedy of a default judgment against Jurado for failure to timely comply with a court order to respond to discovery requests. (Dkt. 113.) In the other, Coates requests leave to amend his complaint to add a new defendant and a new claim. (Dkt. 118.) The Court is not persuaded by Coates's objections and will therefore ADOPT the Report and Recommendation and DENY both motions.

---

[1] The Court notes that Coates has also objected to the Magistrate Judge's separate Opinion and Order on Nondispositive Motions. Those objections will be considered separately.

## I. STANDARD OF REVIEW

This Court conducts a *de novo* review of those portions of the Report and Recommendation to which Coates has objected. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Court need not review the Report's unobjected-to findings. *See Arn*, 474 U.S. at 149–52.

## II. ANALYSIS

The background of this case and the legal principles governing the pending motions are adequately set forth in the Magistrate Judge's Report and need not be repeated here. The Court has reviewed the Report and Recommendation, Coates's objections, and other relevant portions of the record and finds that the objections should be overruled, as explained below.

### A. Motion for Default Judgment

Coates says that when Magistrate Judge Paul J. Komives[2] ordered Jurado to supplement her responses to Coates's discovery requests within 14 days of receiving his medical records, he specifically informed the parties that their obligations under the order would not be stayed by appeal to the district judge, and he took into account the confidentiality of the records when fashioning his order. (*See* Obj. at 2–3.) Therefore, Coates argues, Magistrate Judge Stafford was wrong to find that Jurado was justified in deciding to wait to comply with the order until Coates's appeal (that his mental health records were not relevant to his deliberate indifference claim) was resolved because of the confidential nature of the records. (*Id.*) Coates also argues that this finding was erroneous because the appeal was based on his mental health records, which were not included in the records provided to Jurado. (*Id.* at 3.)

---

[2] This case was reassigned from Magistrate Judge Komives to Magistrate Judge Stafford on January 7, 2015.

Coates misconstrues Magistrate Judge Stafford's recommendation. She did not find that Jurado's actions in delaying the production of her supplemental discovery responses were justified. Rather, she found that Jurado did not act in bad faith. As Magistrate Judge Stafford noted, "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." (R&R at 4 (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985).) The Court agrees with Magistrate Judge Stafford that Jurado did not act in bad faith. Notably, Coates does not argue that Jurado did not eventually provide the discovery requested. (*See* Dkt. 116-12, Jurado's Supplemental Discovery Responses.) And Defendants sought clarification from the Court regarding whether they could access the medical records to supplement discovery while Coates's appeal was pending, as well as an extension of discovery. (Dkt. 98.) The Court agrees with the Magistrate Judge that "[t]hese circumstances do not call for the last resort of default." (R&R at 4.)

**B. Motion for Leave to Refile Second Amended Complaint**

Coates first argues that Magistrate Judge Stafford failed to consider that when he withdrew his motion to file the Second Amended Complaint, he specifically requested that he be able to do so without prejudice to refiling later. (Obj. at 4–5.) It is not clear why this is relevant—nor is it clear why Coates styles his motion as a motion "for leave to refile Second Amended Complaint"—given that the amended complaint he now seeks permission to file is different from the amended complaint he sought to file in October 2013. The previous "Second Amended Complaint" Coates proposed to file did not add Dr. Harriet Squier as a defendant and did not add a claim for civil conspiracy, as does the currently proposed amended complaint. (*See* Dkt. 62.)

Furthermore, when Coates indicated that he was withdrawing his previous motion for leave to file a second amended complaint, the motion had not been granted. Even if he could preserve his rights by stating his intent to do so, it would only be his right to refile the motion for leave—not his right to file the amended complaint itself.

And Coates's "right" to amend his complaint is not absolute. Leave to amend a complaint should be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Coates' decision to withdraw his previous motion to amend the complaint did not freeze time. When Coates filed his present motion to amend the complaint, this case had been pending for a year and a half and discovery had been closed for a month (*see* Dkt. 80). Adding a new defendant and a new claim at this late stage is unduly prejudicial to Defendants. *Duggins v. Steak 'N' Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (finding prejudice to defendants where the motion to amend was filed after discovery had closed); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.").

Second, Coates argues that Magistrate Judge Stafford failed to consider that the Court has never set a deadline for amending pleadings. (Obj. at 5.) But where no deadline to amend the pleadings has been set, Federal Rule of Civil Procedure 15 governs. That rule provides that a party may amend its pleading once as a matter of course within certain time periods, and after that, "only with the opposing party's written consent or the court's leave." Coates's motion was

outside the time period provided by Rule 15, and therefore, Defendants' consent or the court's leave is required. Although the Rule directs that leave to amend "shall be freely given when justice so requires," the Sixth Circuit has held that "the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation omitted).

Third, Coates argues that justice requires that he be permitted to amend his complaint to add Dr. Squier as a defendant because she is "inextricably linked to the denial of Plaintiff being provided a replacement hearing aid and to Defendant Jemer Jurado." (Obj. at 5.) Specifically, he alleges that "a reasonable jury could very well conclude that Dr. Squier and Defendant Jemer Jurado conspired to deny Plaintiff a hearing aid." (*Id.* at 6.) But Coates does not argue that he only recently learned of Dr. Squier's alleged involvement. He says he "confirmed" the basis for his allegations against her "on two occasions": first "in Defendants' response to Plaintiff's request to produce," and second "by letter dated September 24, 2013" from Defendants' counsel. (Obj. at 5.) Thus he "confirmed" the basis for the allegations he now seeks to add as early as September 2013, yet he waited until May 27, 2014, to seek to amend the complaint. This is undue delay, and Defendants would be unduly prejudiced if the request for leave to amend were granted.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Coates's objections (Dkt. 143) and ADOPTS the Report and Recommendation (Dkt. 134). It follows that Coates's Motion for Default Judgment against Defendant Jurado (Dkt. 113) and Motion for Leave to Refile Second

Amended Complaint (Dkt. 118) are DENIED.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Dated: March 24, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 24, 2015.

                                          s/Jane Johnson
                                          Case Manager to
                                          Honorable Laurie J. Michelson