UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMANUEL COATES,<br><br>    Plaintiff,<br><br>v.<br><br>JEMER JURADO and CORIZON HEALTH, INC.,<br><br>    Defendants. | Case No. 12-cv-15529<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER [133]**

Plaintiff Emanuel Coates, a Michigan prisoner, brought this lawsuit *pro se* under 42 U.S.C. § 1983. Coates alleges that Defendants Jemer Jurado, N.P., and Corizon Health, Inc., were deliberately indifferent to his serious medical needs in violation of the Eight Amendment by failing to provide him with a replacement hearing aid. Currently before the Court are Coates's objections (Dkt. 145, Obj.) to Magistrate Judge Elizabeth A. Stafford's Opinion and Order Regarding Multiple Non-Dispositive Motions (Dkt. 133, Order).

**I. STANDARD OF REVIEW**

This Court will not disturb the magistrate judge's decision on a nondispositive matter unless it is shown to have been "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**II. ANALYSIS**

The background of the case and the motions at issue is adequately set forth in the Magistrate Judge's opinion and need not be repeated here. The Court has reviewed the Opinion

and Order, Coates's objections, and other relevant portions of the record and finds that the objections should be overruled, as explained below.

Coates's first set of objections relate to Magistrate Judge Stafford's decision to grant in part Defendants' Motion for Extension of Time for Discovery. The standard for deciding whether to extend the time to act, when a motion is made before the time has expired, is "good cause." Fed. R. Civ. P. 6(b)(1)(A).

Coates first argues that Magistrate Judge Stafford erred when she made reference to a statement in Defendants' motion for summary judgment. (Obj. at 2.) Specifically, she said: "In their January 2, 2015 summary judgment motion, Defendants say Coates still has not responded" to Defendants' discovery requests "regarding the identification of his outside treating providers and employers while on parole, the details of how he lost his hearing aid, and the steps he took to get it replaced." (Order at 6.) Coates argues that her reliance on this statement was error because he had not yet filed a response to the motion for summary judgment, and that motion was not properly before the Magistrate Judge. (*Id.*)

First, the Court notes that due to circumstances beyond the Magistrate Judge's control, she was ruling in February 2015 on a motion that was filed in April 2014.[1] She understandably looked to more recently filed briefs to ascertain whether Defendants still required additional time for discovery. Second, she did not make any findings related to the motion for summary judgment, she only noted that Defendants' recent filing indicated that Defendants still took the position that additional time for discovery was needed. Third, since Coates does not argue in this objection that he had in fact substantively responded to Defendants' discovery requests, the Court does not see why it matters how the Magistrate Judge learned that the requests were still

---

[1] This case was reassigned to Magistrate Judge Stafford in January 2015.

2

outstanding. The Magistrate Judge appropriately extended discovery so that Defendants could obtain the information they sought.

Nor is Coates's questioning of the Magistrate Judge's impartiality well taken. As discussed, there was no impropriety in the Magistrate Judge's reliance on Defendants' recent statement about the status of discovery. And—as this Court has previously discussed (*see* Dkt. 144)—the Magistrate Judge did not "justif[y] defendant Jurado's failure to comply" with a discovery order (Obj. at 2), she merely found it was not done in bad faith such that sanctions would be warranted. Nor is she "holding Plaintiff a pro se litigator to a more strenuous standard of complying with orders of the court than she is willing to hold defendants." The Magistrate Judge appropriately and consistently required that all parties comply with their obligations.[2]

The Court is also not persuaded by Coates's arguments that (1) Defendants' request for extension of discovery was not justified because Coates "had to resort to the filing of a Motion for Sanctions in order to get the defendants to provide the appropriate release form" for his medical records, and (2) that the Magistrate Judge did not consider "that Defendant Jurado's failure to file timely supplements to Plaintiff's discovery request[] precluded him from meeting the Court's April 7, 2014 deadline for discovery and discovery motions."[3] (Obj. at 3.) Defendants' requests seek Coates's personal knowledge. He can answer questions based on his own personal knowledge, to the best of his ability, without waiting for Jurado's responses. But even if Coates needs Jurado's review of his medical records to answer Defendants' requests, that

---

[2] The Court also notes that in the same order, Magistrate Judge Stafford granted Coates's motion to extend his time to respond to Defendants' Motion for Summary Judgment. (Order at 15.)

[3] The discovery requests at issue apparently required that Jurado review Coates's medical records before responding; for example, one interrogatory asked, "state that upon your review of plaintiff's medical records, during June 2012, the records showed that plaintiff had been provided a hearing aid and batteries for a prolong[ed] period." (Dkt. 31 at 3.)

would weigh in favor of extending discovery as Defendants requested. And it does not alter the Magistrate Judge's analysis. Jurado was ordered to supplement her responses to Coates's discovery requests after she received Coates's medical records (*see* Dkt. 80 at 9), but she did not unseal the records because of Coates's pending appeal of the order requiring that he release his medical records (*see* Dkt. 98 at 3). Magistrate Judge Stafford found that Jurado's decision not to open the sealed medical records was not in bad faith. Thus it does not constitute "unclean hands" that should preclude Defendants from showing good cause to extend discovery, as Coates argues in his objection.

The Magistrate Judge found that the outstanding discovery is relevant to issues in the case. It is in Coates's interest to speedily provide all relevant discovery so that his claims can be decided and any relief to which he is entitled can be awarded as expeditiously as possible. Coates's objections to the Magistrate Judge's order extending discovery are not well taken and will be overruled.

Coates next objects to the Magistrate Judge's findings regarding Jurado's failure to respond to Coates's discovery requests within 14 days of receiving his medical records, as required by court order. These findings relate to three motions: Coates's Motion to Compel (Dkt. 105), Motion for Sanctions (Dkt. 114), and Motion for Default Judgment (Dkt. 113). Coates restates the objection this Court already overruled in adopting the Magistrate Judge's Report and Recommendation to deny Coates's Motion for Default Judgment. (*See* Dkt. 144.) Coates's objection to the Magistrate Judge's denial of his Motion for Sanctions is overruled for the same reasons. And the Court finds that it was not clearly erroneous or contrary to law for the Magistrate Judge to deny as moot Coates' Motion to Compel because Jurado had already supplemented her responses to Coates's discovery requests. (Order at 11.)

**III. CONCLUSION**

For the foregoing reasons, the Court OVERRULES Coates's objections (Dkt. 145) to Magistrate Judge Elizabeth A. Stafford's Opinion and Order Regarding Multiple Non-Dispositive Motions (Dkt. 133).

                                     s/Laurie J. Michelson
                                     LAURIE J. MICHELSON
                                     UNITED STATES DISTRICT JUDGE

Dated: April 7, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 7, 2015.

                                     s/Jane Johnson
                                     Case Manager to
                                     Honorable Laurie J. Michelson