UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL COATES,
    Plaintiff,                       Civil Action No. 12-15529
                                    Honorable Laurie J. Michelson
v.                                Magistrate Judge Elizabeth A. Stafford

JEMER JURADO, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR APPOINTMENT OF SUBSTITUTE COUNSEL

After a verbal agreement to settle this matter was reached, Plaintiff Emanuel Coates sent letters to the Court stating that the settlement fell through and that he wanted an appointment of substitute counsel. [R. 179; R. 182]. The Court held a telephone conference on June 9, 2016, during which Coates confirmed that he had agreed to the settlement but complained that the proposed written settlement agreement was unacceptable. Coates's attorney, James D. VandeWyngearde, described his negotiations with defense counsel thus far with respect to the written agreement, and he assured Coates that he would continue to negotiate on his behalf. The Court and counsel also clarified that the proposed agreement would not preclude Coates from initiating a lawsuit regarding any matter other than those that are the subject matter of the instant

complaint or that could have been brought in that complaint. The release language in the proposed agreement (as read to the Court) was not objectionable, as it was consistent with the principles of *res judicata* and collateral estoppel.

The Court also emphasized that Coates's receipt of appointed counsel was a privilege, not a right. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Given that, and given Mr. VandeWyngearde's ongoing efforts to negotiate on Coates's behalf, Coates's request for appointment of substitute counsel [R. 182] is **DENIED**.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 17, 2016

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2016.

S/Carol A. Pinegar
Case Manager
